IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60394-CIV-UNGARO/SIMONTON

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff

vs.

GLOBAL OCEAN FREIGHT, INC., *et al*,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS IN AID OF EXECUTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff/Judgment Creditor, HARTFORD FIRE INSURANCE COMPANY ("HARTFORD"), pursuant to Rules 34, 37, 69 and other applicable *Federal Rules of Civil Procedure*, respectfully requests that this Court enter an *Order* compelling the Defendants/Judgment Debtors, GLOBAL OCEAN FREIGHT, INC., ARIK COHEN and ETI COHEN (collectively, "GOF/COHEN"), to produce to HARTFORD all documentation responsive to HARTFORD's *First Request for Production in Aid of Execution* dated June 15, 2009.

**I. INTRODUCTION**

GOF/COHEN have failed to comply with the applicable *Federal Rules of Civil Procedure*, including Rules 34 and 37, requiring the production of all documents requested by HARTFORD through its *First Request for Production in Aid of Execution* dated June 15, 2009 ("*First Request*"). Rather, GOF/COHEN have, and to this date continue to prevent HARTFORD from obtaining such discovery in violation of applicable *Federal Rules of Civil Procedure*. As a direct result of GOF/COHEN's failure and/or refusal to make timely and proper disclosure of such reasonable

CASE NO.: 09-60394-CIV-UNGARO/SIMONTON

discovery, HARTFORD has been substantially prejudiced in its ability to proceed with collection of the outstanding *Default Final Judgment*, and is entitled to the assistance of this Court in requiring timely and complete responses to such outstanding discovery.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

1. On May 11, 2009, this Court docketed its *Default Final Judgment* **[DE170]**, awarding *Judgment* in favor of HARTFORD and against GOF/COHEN.

2. On June 15, 2009, HARTFORD issued its *First Request* upon GOF/COHEN, requiring said Defendants to "produce copies of the materials and items described on the attached list" at the offices of HARTFORD's counsel within thirty (30) days after service of this *First Request*. A true and correct copy of the *First Request* is attached hereto as **Exhibit "A"**.

3. Despite issuance of the *First Request*, said Defendants have, and continue to fail and/or refuse to produce the requested documentation to HARTFORD.

## III.  MEMORANDUM OF LAW

### HARTFORD Is Entitled to an Order Compelling Production.

Rule 69, *Fed.R.Civ.P.,* establishes that "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the Court is located."  Moreover, Rule 30, *Fed.R.Civ.P.*, establishes the means and methods by which a judgment debtor may schedule and take discovery of a Judgment Debtor. *See, e.g.*, *First Federal Sav. and Loan Ass'n of Rochester, N.Y. v. Fisher*, 422 F.Supp. 1 (N.D. Ga. 1976) (where court could not find that creditor's judgment against debtors had been satisfied, creditor was entitled, as matter of law, to executions on judgment and discovery pursuant to Rule 69, *Fed.R.Civ.P.*); *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D.

CASE NO.: 09-60394-CIV-UNGARO/SIMONTON

331 (E.D. Pa. 1974) (judgment creditor must be given freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor); *Bank of America Nat. Trust & Savings Ass'n v. Bair*, 34 F.Supp. 857 (D.C. Mont. 1939) (under Rule 69, *Fed.R.Civ.P.*, the judgment creditor may examine any person, including judgment debtor, in the manner provided in these rules for taking depositions, or in manner provided by practice of state); *Castro v. U.S.*, 104 F.R.D. 545(D.C. Puerto Rico 1985) (Judgment Creditors were free to employ every means available to them under the law to obtain execution of judgment, including deposition of Judgment Debtors for purpose of determining what of their property was available for satisfaction of order entered against them); *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559 (S.D. N.Y. 1977) (Judgment creditor may utilize full panoply of federal discovery measures, including production of documents).

Despite issuance of the validly issued and legitimate discovery requests, GOF/COHEN have and continue to fail and/or refuse to provide HARTFORD with appropriate responsive information and documentation. To date, the necessary discovery responses remain unproduced, even though the time for GOF/COHEN to make full and complete discovery has long since passed.

Rule 37, *Fed.R.Civ.P.*, establishes that this Court has broad discretion in compelling GOF/COHEN's compliance with outstanding discovery requests:

> **(a) Motion For Order Compelling Disclosure or Discovery.** *In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.

> \* \* \*

> **(3)(B)** *To Compel a Discovery Response*. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

> \* \* \*

CASE NO.: 09-60394-CIV-UNGARO/SIMONTON

(iv) a ***party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34***.

\* \* \*

(5) *Payment of Expenses; Protective Orders*.

(A) *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing)*. If the motion is granted – or the disclosure or requested discovery is provided after the motion was filed – the court shall, after giving an opportunity to be heard, ***require the party or deponent whose conduct necessitated the motion,*** the party or attorney advising such conduct, or both ***to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees***. . . .

*See also GFI Computer Industries, Inc. v. Fry*, 476 F.2d 1 (5th Cir. 1973) (remedy of plaintiff for failure to produce pursuant to a request under this rule relating to discovery and production of documents for inspection was to file a motion for an order requiring defendant to answer and to produce the documents for inspection); *U.S. v. One Lot of U.S. Currency Totalling*, 628 F.Supp. 1473 (S.D. Fla. 1986); *Bank Atlantic v. Blyth Eastmann Paine Webber, Inc.,* 127 F.R.D. 224 (S.D. Fla. 1989).

## **CONCLUSION**

WHEREFORE, HARTFORD respectfully requests that this Honorable Court enter an *Order* compelling GOF/COHEN to provide all documents responsive to HARTFORD's *First Request* within ten (10) days, awarding HARTFORD its reasonable attorneys' fees and costs incurred in connection with the prosecution of this *Motion* pursuant to Rule 37(a)(4)(A), *Fed.R.Civ.P.*, and awarding HARTFORD such other and further relief as this Court deems necessary, just and proper.

CASE NO.: 09-60394-CIV-UNGARO/SIMONTON

## CERTIFICATION OF GOOD FAITH EFFORT

Pursuant to Rule 37(a)(1), *Fed.R.Civ.P.,* HARTFORD's counsel hereby certifies that he has made a good faith effort to arrange for the Defendants/Judgment Debtors, GLOBAL OCEAN FREIGHT, INC., ARIK COHEN and ETI COHEN production of the requested documents, and has been unable to do so.

**ETCHEVERRY HARRISON LLP**
Attorneys for HARTFORD
150 South Pine Island Road, Suite 105
Ft. Lauderdale, FL 33324
Phone: (954) 370-1681
Fax: (954) 370-1682

By:  /s/ Jeffrey S. Geller
    Edward Etcheverry, Fla. Bar No. 856517
    Jeffrey S. Geller, Fla. Bar No. 63721

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that we served the foregoing discovery upon the Defendants/Judgment Debtors via [ ] electronic mail and/or [x] regular United States on **GLOBAL OCEAN FREIGHT, INC., ARIK Y. COHEN** and **ETI COHEN**, 701 Baldwin Palm Avenue, Plantation, Florida 33324; this 7th day of September, 2009.

 /s/ Jeffrey S. Geller
    Jeffrey S. Geller

C:\Jeffrey S. Geller\temp\113-1022\Motion to Compel (RPD).wpd