UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60394-CIV-UNGARO/SIMONTON

**HARTFORD FIRE INSURANCE COMPANY,**

    **Plaintiff,**

v.

**GLOBAL OCEAN FREIGHT, INC., et al.,**

    **Defendants.**

    _____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS IN AID OF EXECUTION

Presently pending before the Court is Plaintiff's Motion To Compel and For Sanctions In Aid of Execution (DE # 295). This motion is referred to the undersigned Magistrate Judge (DE # 299). On September 24, 2009, Defendant Eti Cohen, pro se, filed with the Court a copy of her response to Plaintiff's request to produce (DE ## 310, 311). Plaintiff has not replied to Defendant Eti Cohen's response, and the last day to timely to do was October 5, 2009. For the reasons stated below, Plaintiff's motion to compel is denied as moot as to Defendant Eti Cohen and is granted by default as to Defendants Arik Y. Cohen and Global Ocean Freight, Inc. (hereafter GOF). Plaintiff's motion for sanctions is denied as to Defendant Eti Cohen and is denied without prejudice to renew as to Defendants Arik Y. Cohen and GOF.

    I. <u>Background</u>

Plaintiff initiated this action by filing a four-count Complaint. Count I is an action for interpleader, pursuant to 28 U.S.C. §§ 1335 and 1352. Counts II through IV are actions for damages against Defendants Arik Y. Cohen, Eti Cohen (hereafter the Cohens), and GOF, filed pursuant to 28 U.S.C. § 1367(a). Plaintiff alleges that GOF was operating as an Ocean Transportation Intermediary in accordance with Federal Law, and

that Plaintiff issued an Ocean Transportation Intermediary Bond (hereafter the Bond), for the benefit of any persons who have obtained a judgment against GOF arising from its transportation-related activities.  In 2009, GOF notified Plaintiff and several other Defendants that it had ceased doing business as an Ocean Transportation Intermediary, leaving open and unsatisfied financial obligations.  Plaintiff remains potentially liable for these obligations under the Bond.  Plaintiff has deposited $38,829.48, the remaining penal sum available under the Bond into the Registry of the Court.  Plaintiff has also brought three counts for damages against GOF and the Cohens seeking the amounts paid out by Plaintiff pursuant to the Bond, and Plaintiff's reasonable attorney's fees (DE #1).

GOF and the Cohens did not timely respond to the Complaint, and on April 20, 2009, Plaintiff filed a motion for Clerk's Default (DE # 114).  On April 21, 2009, the Clerk entered Default against GOF and the Cohens (DE ## 129, 131).

On April 27, 2009, Plaintiff filed a Motion for Partial Default Final Judgment against GOF and the Cohens (DE # 143).  On May 11, 2009, the District Court entered a Default Final Judgment against GOF and the Cohens in the amount of $38,829.48 and also ordered GOF and the Cohens to post $50,000.00 with Plaintiff to act as a satisfactory collateral to cover Plaintiff's additional losses, costs and/or expenses incurred in connection with Plaintiff's issuance of the Bond.  The Court retained jurisdiction over attorneys' fees and costs issues associated with the case, for which Plaintiff was to apply by separate motion (DE # 170).

II. Plaintiff's Motion

In this motion, Plaintiff states that on May 11, 2009, the District Court entered a Default Final Judgment against GOF and the Cohens and in favor of Plaintiff.  Plaintiff

then states that on June 15, 2009, it served its First Request for Production in Aid of Execution on GOF and the Cohens, and that GOF and the Cohens did not respond or produce any documentation.  Plaintiff then asks this Court, pursuant to Fed.R.Civ.P. 37 and 69, to enter an order: 1) compelling GOF and the Cohens to produce responsive documents within 10 days of the Order; and 2) awarding Plaintiff the reasonable attorneys' fees and costs incurred in connection with bringing this motion (DE # 295).

On September 24, 2009, Defendant Eti Cohen, acting pro se, filed with the Court a copy of her response to Plaintiff's request to produce, which she served on Plaintiff on September 23, 2009 (DE ## 310, 311).

Plaintiff has not replied to Defendant Eti Cohen's response to Plaintiff's request to produce.

III.  **Analysis**

A.  **The Motion Is Denied As To Defendant Eti Cohen**

Plaintiff's motion is denied as to Defendant Eti Cohen.  The undersigned notes that on September 23, 2009, Defendant Eti Cohen responded to Plaintiff's request to produce (DE ## 310, 311).  Plaintiff has not replied that Eti Cohen's response is insufficient.  Therefore, Plaintiff's motion is denied as to Defendant Eti Cohen.

B.  **The Motion To Compel Is Granted As To Defendants GOF and Arik Y. Cohen**

Defendants GOF and Arik Y. Cohen have not responded to Plaintiff's motion, and the last day to timely file a response was September 24, 2009.  Therefore, pursuant to Local Rule 7.1 C, Plaintiff's motion to compel is granted by default as to Defendants GOF and Arik Y. Cohen.  On or before October 23, 2009, Defendants Arik Y. Cohen and Global Ocean Freight, Inc. must provide to Plaintiff documents responsive to Plaintiff's First Request for Documents in Aid of Production.

### C. The Motion For Sanctions Is Denied Without Prejudice As To Defendants GOF and Arik Y. Cohen

Plaintiff's motion, pursuant to Rule 37(a)(4)(A), for an award of the costs incurred in filing this motion, is denied without prejudice to renew as to Defendants Arik Y. Cohen and GOF.  Initially, the undersigned notes that Plaintiff's motion violates Local Rule 7.1 A. 3 (b), which requires movant's counsel to certify that it has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, *which efforts shall be identified with specificity in the statement*, but has been unable to do so (emphasis added).  Plaintiff's certification of good faith effort states that it has not been able to arrange for the Defendants here to produce the requested documents, but does not state with specificity what efforts Plaintiff made.

Furthermore, Local Rule 26.1 H states that all discovery motions shall be filed within thirty days of the occurrence of grounds for the motion, and that failure to file a discovery motion within thirty days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.  Pursuant to this rule, Plaintiff's motion to compel was due to be filed on or about August 19, 2009, but was not filed until September 7, 2009 and Plaintiff has not provided any reasonable cause for the untimely filing.

Finally, in reviewing Defendant Eti Cohen's response to Plaintiff's request to produce, the undersigned notes that it includes many documents relating to Defendant GOF.  Therefore, it is not clear whether Plaintiff is seeking any further documents from Defendant GOF in regards to the request to produce.

Therefore, the undersigned finds that it would be unjust under the circumstances of this case to award Rule 37(a)(4)(A) sanctions to Plaintiff at this time.  If Defendants

4

Arik Y. Cohen and GOF do not respond to the request to produce as stated in this Order, Plaintiff may renew its request for sanctions.

Therefore, for the reasons stated above, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel In Aid of Execution (DE # 295) is **DENIED** as to Defendant Eti Cohen, and is **GRANTED by default**, as to Defendants Arik Y. Cohen and Global Ocean Freight, Inc. On or before October 23, 2009, Defendants Arik Y. Cohen and Global Ocean Freight, Inc. must provide to Plaintiff documents responsive to Plaintiff's First Request for Documents in Aid of Production. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Sanctions (DE # 295) is **DENIED** as to Defendant Eti Cohen, and is **DENIED without prejudice to renew**, as to Defendants Arik Y. Cohen and Global Ocean Freight, Inc. It is further

**ORDERED** that the address of 701 Baldwin Palm Avenue, Plantation, Florida 33324-8257 shall be entered into the CM/ECF system for Eti Cohen, Arik Cohen and Global Ocean Freight, so that Court Orders and other relevant documents will be automatically sent to these parties at that address (which is the address at which service of process was made).

**DONE AND ORDERED** in chambers in Miami, Florida on October 9, 2009.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel and pro se parties of record