UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60394-CIV-UNGARO/SIMONTON

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,
v.

GLOBAL OCEAN FREIGHT, INC., et al.,

    Defendants.
    _____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR 1) WRIT OF EXECUTION AND BREAK ORDER; 2) ENTRY OF WRIT OF ATTACHMENT AND CONTEMPT; AND 3) CONTEMPT AND SANCTIONS IN AID OF EXECUTION**

Presently pending before the Court are Plaintiff's Motion For Writ of Execution and Break Order (DE # 312); Plaintiff's Motion For Entry of Writ of Attachment and For Contempt (DE # 313) and Plaintiff's Motion For Contempt and For Sanctions (DE # 329). These motions are referred to the undersigned Magistrate Judge (DE ## 315, 322). On November 19, 2009, the undersigned held an evidentiary hearing on the motions. At the conclusion of the hearing, the Court announced her intended rulings on all pending motions. This Order sets forth those rulings. For the reasons stated below and at the hearing, Plaintiff's motions directed to Defendants GOF and Eti Cohen are denied without prejudice to renew, and Plaintiff's motions directed to Defendant Arik Cohen are denied.

**I. Background**

Plaintiff initiated this action by filing a four-count Complaint. Count I is an action for interpleader, pursuant to 28 U.S.C. §§ 1335 and 1352. Counts II through IV are actions for damages against Defendants Arik Y. Cohen, Eti Cohen (hereafter the Cohens), and Global Ocean Freight, Inc.(hereafter GOF), filed pursuant to 28 U.S.C. §

1367(a).  Plaintiff alleges that GOF was operating as an Ocean Transportation Intermediary in accordance with Federal Law, and that Plaintiff issued an Ocean Transportation Intermediary Bond (hereafter the Bond), for the benefit of any persons who have obtained a judgment against GOF arising from its transportation-related activities.  In 2009, GOF notified Plaintiff and several other Defendants that it had ceased doing business as an Ocean Transportation Intermediary, leaving open and unsatisfied financial obligations.  Plaintiff remains potentially liable for these obligations under the Bond.  Plaintiff has deposited $38,829.48, the remaining penal sum available under the Bond into the Registry of the Court.  Plaintiff has also brought three counts for damages against GOF and the Cohens seeking the amounts paid out by Plaintiff pursuant to the Bond, and Plaintiff's reasonable attorney's fees (DE #1).

      GOF and the Cohens did not timely respond to the Complaint, and on April 20, 2009, Plaintiff filed a motion for Clerk's Default (DE # 114).  On April 21, 2009, the Clerk entered Default against GOF and the Cohens (DE ## 129, 131).

      On April 27, 2009, Plaintiff filed a Motion for Partial Default Final Judgment against GOF and the Cohens (DE # 143).  On May 11, 2009, the District Court entered a Default Final Judgment against GOF and the Cohens in the amount of $38,829.48 and also ordered GOF and the Cohens to post $50,000.00 with Plaintiff to act as a satisfactory collateral to cover Plaintiff's additional losses, costs and/or expenses incurred in connection with Plaintiff's issuance of the Bond.  The Court retained jurisdiction over attorneys' fees and costs issues associated with the case, for which Plaintiff was to apply by separate motion (DE # 170).[1]

---

[1] On November 25, 2009, the District Court granted Defendant Arik Cohen's motion to set aside the default judgment against him and to dismiss the Complaint as to

II.  **Plaintiff's Motion For Writ of Execution and Break Order (DE # 312)**

In this motion, Plaintiff reiterated that on May 11, 2009, the District Court entered a Default Final Judgment against GOF and the Cohens in the amount of $38,829.48, plus interest at the rate of 1.60% per year, and that the Judgment also required GOF and the Cohens to post $50,000.00 in collateral with Plaintiff.  Plaintiff further stated that the Default Final Judgment has been filed with the Florida Department of State, Division of Corporations, and has been docketed as a valid and enforceable judgment lien against GOF and the Cohens.  Plaintiff then contended that it had been unable to recover any of the Judgment, and asked the Clerk of the Court to issue a Writ of Execution and Break Order against GOF and the Cohens (DE # 315).

III.  **Plaintiff's Motion For Entry of Writ of Attachment and For Contempt (DE # 313)**

In this motion, Plaintiff stated that on May 11, 2009, the District Court entered a Default Final Judgment which required GOF and the Cohens, in part, to post $50,000.00 in collateral with Plaintiff.  Plaintiff further stated that GOF and the Cohens have not posted the collateral.  Plaintiff then asked this Court, pursuant to Fed.R.Civ.P. 70(c) and (e), to:  1) hold GOF and the Cohens in civil contempt; 2) direct GOF and the Cohens to comply with the Default Final Judgment; 3) issue a writ of attachment against all real and personal property of GOF and the Cohens to compel compliance with the Default Final Judgment; 4) to appoint a special master to take possession of the attached real and personal property of Defendants; and 5) award Plaintiff its attorneys' fees and costs incurred in enforcing its rights pursuant to the Default Final Judgment (DE # 313).

---

him (DE # 333).  On December 21, 2009, the District Court denied Defendant Eti Cohen's motion to set aside the final judgment against her (DE # 337).

### IV. Plaintiff's Motion For Contempt and Sanctions In Aid of Execution (DE # 329)

In this motion, Plaintiff stated that none of the Defendants have provided documents responsive to Plaintiff's June 15, 2009 First Request For Production In Aid of Execution, in spite of this Court's October 9, 2009 Order that Defendants provide responses by October 23, 2009.  Plaintiff asked that this Court: 1) hold Defendants in contempt; 2) order Defendant to provide responsive documents; and 3) sanction Defendants by, at least, ordering them to pay the costs and fees incurred by Plaintiff in filing the motion (DE # 329).

### V. The Evidentiary Hearing

On November 19, 2009, the undersigned held an evidentiary hearing on the instant motions. Defendants GOF and Arik Cohen did not attend the hearing.  Initially, Plaintiff agreed that the instant motions would be denied without prejudice as to Defendant Arik Cohen due to his then-pending motion to set aside the default judgment and to dismiss the Complaint.

Defendant Eti Cohen testified that in January 2009, GOF ceased operations with no assets and with many debts.  She stated that she had been the CEO of GOF, but had ceased that position in January 2009.  She further stated that in January 2009, she took the company computer to her house.  Eti Cohen then testified that she had no savings, that her residence was in foreclosure, and that she and her husband Asas Cohen had lost another house as well.  She also testified that she is not involved in any shipping company or in any other corporation.  She stated that while her husband has his own bank accounts, she is not a co-signer on any bank account, and she has no interest in any brokerage account.  She also testified that she had documents relating to GOF in a warehouse, but that she had not gone through them to respond to Plaintiff's discovery

4

requests due to her difficult pregnancy.

There was no evidence presented to rebut this testimony or demonstrate that any attachable assets were present at any location for which a break order could be entered.

After hearing Eti Cohen's testimony, Plaintiff agreed to withdraw any request for relief against Eti Cohen personally or as president of GOF as long as Eti Cohen provided Plaintiff, within 30 days (*i.e.* on or before December 21, 2009), with access to the GOF documents in her possession. Eti Cohen agreed to provide Plaintiff, within 30 days, with access to the GOF documents in her possession. Plaintiff also requested, and was granted, clarification that it could proceed with a deposition in aid of execution following the production of documents, and that at such a deposition it could further explore the testimony taken at the hearing.

Therefore, the undersigned denies without prejudice all pending motions against Defendants GOF and Eti Cohen, based on 1) Eti Cohen's agreement to provide Plaintiff with all documentation in her possession, custody or control which is responsive to Plaintiff's discovery requests in aid of execution; and 2) Eti Cohen's testimony that she has no assets to satisfy the District Court's Order or which can be attached. The undersigned also denies all pending motions against Defendant Arik Cohen based on the District Court's Order setting aside the default judgment as to him and dismissing the Complaint as to him.

Therefore, for the reasons stated both at the hearing and above, it is

**ORDERED AND ADJUDGED** on or before December 21, 2009, Defendant Eti Cohen shall provided Plaintiff with access to the GOF documents in her possession. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Writ of Execution and Break Order (DE # 312), Plaintiff's Motion For Entry of Writ of Attachment and For Contempt (DE # 313), and Plaintiff's Motion For Contempt and For Sanctions (DE # 329), as directed to Defendants GOF and Eti Cohen, are **DENIED without prejudice to renew**.  It is further

**ORDERED AND ADJUDGED** that Plaintiff may take a deposition in aid of execution of Eti Cohen after the production of the relevant documents, and she shall make herself available for the deposition upon reasonable notice.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Writ of Execution and Break Order (DE # 312), Plaintiff's Motion For Entry of Writ of Attachment and For Contempt (DE # 313), and Plaintiff's Motion For Contempt and For Sanctions (DE # 329), as directed to Defendant Arik Cohen, are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on December 30, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable Ursula Ungaro
      United States District Judge
All counsel and pro se parties of record